IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARTHUR LEE CRAIN<br>    TDCJ-CID #853264 | §<br>§<br>§ |
| VS. | § C.A. NO. C-06-15<br>§ |
| DOUGLAS DRETKE | §<br>§ |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS PETITIONER'S HABEAS APPLICATION

This is a petition for a writ of habeas corpus filed by a prisoner in state custody pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, it is respectfully recommended that the Court dismiss petitioner's application for failure to prosecute his claims.

## I.  BACKGROUND

On January 13, 2006, petitioner filed his habeas application, (D.E. 1), and a motion to proceed in forma pauperis, (D.E. 2).  A memorandum and recommendation was issued recommending that the Court find petitioner was not indigent, and deny his application to proceed in forma pauperis.  (D.E. 5).  The petitioner filed objections to this memorandum and recommendation.  (D.E. 6).

On January 31, 2006, the Court entered an order, adopting this memorandum and recommendation, finding petitioner was not indigent, denying his application

to proceed in forma pauperis, and instructed petitioner to pay the filing fee within twenty days, or voluntarily dismiss his application. (D.E. 7). The Court advised petitioner that "failure to pay the fee within the time period prescribed may result in dismissal of his petition for failure to prosecute." (D.E. 7 at 2).

Pursuant to the Court's order, petitioner had until February 21, 2006 to pay the requisite filing fee. To date there is no record of him having paid this fee. Instead, petitioner filed a motion to reconsider this Court's order adopting the recommendation. (D.E. 8).

## II. DISCUSSION

An action may be dismissed if the petitioner fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding districts courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts.'" Martinez, 104 F.3d at 772 (citation omitted).

It appears that petitioner has both abandoned this lawsuit and failed to comply with orders of this Court. Petitioner's action cannot go forward without

paying the requisite filing fee.  It is therefore respectfully recommended that the Court dismiss petitioner's application for failure to prosecute his claims.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss petitioner's application for failure to prosecute.

Respectfully submitted this 23rd day of February 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).